**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Enrique FLORES–MOYA,**
**Defendant–Appellant.**

No. 07–15556
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 30, 2008.

Daniel M. Hernandez, Daniel M. Hernandez, P.A., Tampa, FL, for Defendant–Appellant.

Judy K. Hunt, United States Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Luis Flores–Moya appeals his low-end, Guideline range, aggregate sentence of 87 months' incarceration, followed by 5 years supervised release, that he received after being convicted of (1) conspiracy to possess with intent to distribute at least 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. § 70506(a) and (b), and (2) possession with intent to distribute at least 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii),

and 46 U.S.C. § 70503(a)(1). On appeal, Flores–Moya argues that the district court improperly applied the Guidelines by enhancing his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon because he had no knowledge of or connection to the weapons.

## I.

We review a district court's interpretation of the Guidelines de novo, but accept the district court's factual findings unless they are clearly erroneous. *United States v. Crawford,* 407 F.3d 1174, 1177–78 (11th Cir.2005).

A district court must correctly apply the Guidelines to calculate the Guideline range. *Crawford,* 407 F.3d at 1179. In applying the Guidelines, the court may rely upon the factual statements concerning relevant conduct in the PSI unless the defendant objects to those statements. *United States v. Shelton,* 400 F.3d 1325, 1330 (11th Cir.2005). While explicit findings of fact and determinations are preferred, a court's failure to make such findings and determinations does not require remand, if the record clearly supports the court's implicit determination. *United States v. Villarino,* 930 F.2d 1527, 1528–29 (11th Cir.1991).

Under the Guidelines, if a defendant possesses a dangerous weapon in relation to a drug offense, his offense level is increased by 2 levels. U.S.S.G. § 2D1.1(b)(1). The commentary instructs that the weapon enhancement should be applied if a weapon was present, unless it was clearly improbable that the weapon was connected with the offense. *Id.* cmt. n. 3. The commentary states that an unloaded hunting rifle in a residential closet would be an example of clear improbability. *Id.* The government bears the burden of establishing the existence of the

weapon and its proximity to the site of the offense. *United States v. Hall,* 46 F.3d 62, 63 (11th Cir.1995) (per curiam). Once the government meets its burden, the burden shifts to the defendant to "show that a connection between the firearm and the offense is clearly improbable." *Id.*

Even if a co-conspirator was the actual possessor of the weapon, the weapon enhancement under § 2D1.1(b)(1) may apply. *United States v. Stanley,* 24 F.3d 1314, 1322–23 (11th Cir.1994). If the enhancement is based on a co-conspirator's possession, the government must establish that the conspirator was charged and possessed the weapon in furtherance of the conspiracy, and that the defendant whose offense level is being enhanced was a member of the conspiracy at the time of the possession. *Id.* Furthermore, we held in *United States v. Pessefall,* 27 F.3d 511, 515 (11th Cir.1994), that it was reasonably foreseeable that a co-conspirator would use a weapon to protect cocaine during unloading.

Having reviewed the record and the briefs of the parties, we discern no error. Because Flores–Moya boarded the vessel in order to participate in a drug trafficking conspiracy, and weapons intended for protection were found onboard, the district court properly increased his offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Accordingly, we affirm the district court's sentence.

**AFFIRMED.**